# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| TIMOTHY JOHN LEWIS, | ) Case No. 3:19-cr-29 (TBR) |
| | ) |
| | ) |
| | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Timothy John Lewis has filed a Motion to Reconsider Suppressed Evidence, (Mot. to Reconsider), Dkt. 141, along with a Memorandum in Support, (Mem.), Dkt. 155. The Government has Responded, (Resp.), Dkt. 156. As such, briefing is complete and the motions are ripe for adjudication.

**I.  DISCUSSION**

On January 27, 2022, the Court denied Lewis's Mot. for Reconsideration. *See* Mem Op., Dkt. 150. However, upon discussion with counsel and upon further reflection, the Court determined that a hearing was necessary to properly resolve the issues raised in Lewis's motion. Therefore, the Court held an evidentiary hearing for this matter on February 17, 2022. A detailed recitation of the facts can be found in prior opinions. The facts therefore do not need to be repeated in detail here. The gist of this dispute, however, is that Officer Cundiff pulled over a pick-up truck because he allegedly observed the middle passenger not wearing a seat belt with shoulder a strap. Although the middle seat had in that pick-up truck only had a center lap belt, the middle passenger was not wearing that lap belt. The question is whether Officer Cundiff had

1

probable cause to pull that pick-up truck over, even though he could not see the center lap belt violation.

"An officer may stop and detain a motorist so long as the officer has probable cause to believe that the motorist has violated a traffic law." *U.S. v. Bell*, 555 F.3d 535, 539 (6th Cir. 2009) (citation omitted). "Probable cause exists if the facts, circumstances, and 'reasonably trustworthy information' would allow a person 'of reasonable caution' to believe that a crime has been committed." *United States v. Neuhard*, 770 F. App'x 251, 253 (6th Cir. 2019) (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)). "This is 'a practical, nontechnical conception,' *ibid.*, and it 'requires only a probability or substantial chance of criminal activity, not an actual showing of such activity,' " *id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 243–44 n.13 (1983)).

Relevant to this case, Ky. Rev. Stat. Ann. § 189.126(6) requires both passengers and persons operating motor vehicles manufactured after 1981 on the public roadways of Kentucky to wear seatbelts, unless the person is a child, has a written statement from a qualified medical professional that he cannot wear a seatbelt, or is a letter carrier of the United States postal service engaged in the performance of his duties.

Because of the natural progression of what Officer Cundiff knew at the time he made the stop, the Court finds that probable cause did exist. First, officers are generally trained to look for a shoulder belt as a means to identify seatbelt violations. Officer Cundiff testified at the evidentiary hearing that when looking for seatbelt violations, he was "specifically taught to look for that seat belt coming across the chest or being able to visibly see that." Hearing Transcript, Dkt. 153, at 7. Consistent with that training, Officer Cundiff testified that law enforcement

"typically look for the seat belt strap that comes across the chest as you clip your seat belt in." *Id.* at 6.

Second, Officer Cundiff states that he observed the middle passenger of the pick-up truck not wearing a shoulder belt. *See id.* at 10, 16. Later statements from Officer Cundiff's body worn camera footage and the subsequent citation substantiate this claim. *See* Ex. 1, Dkt. 145; *see also* Ex. 3, Dkt. 145. Also strengthening Officer Cundiff's claim is the dash cam, which shows that Officer Cundiff had an unobstructed view into the pick-up truck. *See* Ex. 2, Dkt. 145. Most important to this point, though, is the fact that Lewis agrees that the middle passenger could not have been wearing a shoulder belt, because the pick-up truck was not equipped with one. *See* Ex. 1; *see also* Mot. to Reconsider; Resp. Therefore, the Court concludes that based on what he learned in training, Officer Cundiff witnessed what he needed to see a seatbelt violation.

Third, once Officer Cundiff approached the vehicle, he observed the middle passenger not wearing any seat belt at all. *See* Ex. 1, Dkt. 145. Lewis does not deny that the middle passenger was unbuckled, and in fact the video footage shows the middle passenger not wearing a center lap belt. *See id.*; *see also* Mem.

Fourth, Officer Cundiff testified that if he approached the pick-up truck and every passenger was wearing the seat belt that the vehicle was equipped with, "the stop would be concluded. It would be an apology and it would be, 'Have a nice day. Be careful. Be safe.'" Hearing Transcript at 25. So, according to Officer Cundiff, the stop would have been concluded if the middle passenger was wearing the center lap belt. However, that was not the case because Officer Cundiff did observe a seatbelt violation at that time.

Given this progression of events, Officer Cundiff used practical, nontechnical thinking to conclude that there was a probability that the middle passenger was not buckled up. Probable

3

cause does not demand certainty, *see United States v. Frechette*, 583 F.3d 374, 380 (6th Cir. 2009), and "witnessing a violation provides probable cause for a stop," *United States v. Draper*, 22 F. App'x 413, 415 (6th Cir. 2001). For these reasons, the Court is satisfied that probable cause was present.

Unable to contradict any of these facts, Lewis instead argues that Officer Cundiff "effectively wrote his own law that required a visible shoulder belt." Mem. at 6. But that is not the case. Officer Cundiff did not issue a ticket because the middle passenger wasn't wearing a shoulder strap seat belt; Officer Cundiff issued a ticket because the middle passenger wasn't wearing the center lap belt that the pick-up truck was equipped with. The fact that Officer Cundiff could not see the middle passenger wearing a shoulder strap only provided probable cause for the stop. Furthermore, Officer Cundiff's lack of knowledge about the specifications of each vehicle's type of seat belt is not a mistake of law.

Despite Lewis's allegations that Officer Cundiff "is being conveniently ignorant of the fact that a truck is not equipped with a shoulder belt for the middle passenger to wear"—suggesting that Officer Cundiff is being dishonest—the Court finds Officer Cundiff's testimony credible. Mot. to Reconsider at 6–7. The Court therefore denies Lewis's Mot. to Reconsider.

## II.    CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendant Lewis's Mot. to Reconsider, Dkt. 141, is **DENIED**. The **telephonic conference** set on **March 30, 2022 at 9:45 a.m. Eastern** (8:45 a.m. Central) **REMAINS AS SET**.

**IT IS SO ORDERED**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 22, 2022